# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

A. ATKINS; and,

A. MARTIN,

    Plaintiffs,

v.

Case No.:

**SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA;**

**JURY TRIAL DEMANDED**

**AUE STAFFING, INC.; and**

**DERREMY WALKER,**

    Defendants.

_____/

Plaintiffs A. Atkins and A. Martin sue Defendants SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA; AUE STAFFING, INC.; and DERREMY WALKER, demand trial by jury and allege:

## JURISDICTION AND VENUE

1. This is an action for damages arising from Defendant DERREMY WALKER's violation of Plaintiffs' rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983.

2.	The case or controversy is appropriately heard in the Orlando Division of the Middle District of Florida pursuant to Middle District Local Rule 1.04(b), as the Orlando Division encompasses the counties having the greatest nexus with the causes of action and claims of the Plaintiffs.

3.	The Court has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(a)("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

## PARTIES

4.	Plaintiff A. Atkins is a citizen of the United States and a resident of Seminole County, Florida where the events giving rise to this action occurred. At all material times, she was a student at Oviedo High School, governed by the Defendant SCHOOL BOARD OF SEMINOLE COUNTY.

5.	Plaintiff A. Martin is a citizen of the United States and a resident of Seminole County, Florida where the events giving rise to this action occurred. At all material times, she was a student at Oviedo High School, governed by the SCHOOL BOARD OF SEMINOLE COUNTY.

6. Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA is a corporate body organized under the constitution and the laws of the State of Florida and may be sued. Fla. Stat. § 1001.41(4).

7. Defendant AUE STAFFING, INC. is a Florida for-profit corporation.

8. Defendant DERREMY WALKER is a citizen of the United States, and was a resident of Seminole County, Florida at all material times.

## FACTUAL ALLEGATIONS

9. In August 2019, Defendant AUE STAFFING, INC. and the School District of Seminole County, Florida were in a contractual relationship whereby Defendant AUE STAFFING, INC. would supply people to work in the schools of the School District of Seminole County, Florida.

10. In August 2019, Defendant AUE STAFFING, INC., supplied Defendant DERREMY WALKER to work for the School District of Seminole County, Florida as a custodian.

11. On August 2, 2019, the School District of Seminole County, Florida "cleared" Defendant DERREMY WALKER to begin working for it.

12. In November 2020, Plaintiffs were students at Oviedo High School.

13. On November 7, 8 and 11, 2020, Defendant WALKER set up a camera in the restroom to involuntarily and without consent capture video of the students' genitals while using the commodes.

14. During one or more of the aforementioned occasions, Defendant WALKER's camera captured video of A. Atkins' genitalia without her knowledge or consent.

15. During one or more of the aforementioned occasions, Defendant WALKER's camera captured video of A. Martin's genitalia without her knowledge or consent.

### COUNT I -- 42 U.S.C. § 1983 --VIOLATION OF A. ATKINS' FOURTH AND FOURTEENTH AMENDMENT RIGHTS

16. Plaintiff A. Atkins realleges paragraphs 1-2, 4 and 8-15.

17. This count is against the Defendant DERREMY WALKER and arises under 42 U.S.C. §1983.

18. The guaranties afforded by the Fourth Amendment to the Constitution of the United States are protected by the due process clause of the Fourteenth Amendment.

19. A student has a constitutional right to bodily privacy. "[M]ost people have 'a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.'" Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993)(recognizing right and quoting Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir.1981)).

20. In videotaping Plaintiff, Defendant WALKER acted under color of state law and violated her Fourth Amendment rights to privacy. West v. Atkins, 487 U.S. 42, 49–50 (1988)("It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. . . . generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.")(citations omitted).

21. As a result of Defendant WALKER's actions, Plaintiff has suffered mental anguish and loss of capacity for the enjoyment of life, and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988, against Defendant WALKER and such other and further relief as this Court deems appropriate.

## COUNT II -- 42 U.S.C. § 1983 --VIOLATION OF A. MARTIN'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

22.     Plaintiff A. Martin realleges paragraphs 1-2, 5 and 8-15.

23.     This count is against the Defendant DERREMY WALKER and arises under 42 U.S.C. §1983.

24.     The guaranties afforded by the Fourth Amendment to the Constitution of the United States are protected by the due process clause of the Fourteenth Amendment.

25.     A student has a constitutional right to bodily privacy.  "[M]ost people have 'a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.'"  Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993)(recognizing right and quoting Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir.1981)).

26.     In videotaping Plaintiff, Defendant WALKER acted under color of state law and violated her Fourth Amendment rights to privacy.  West v. Atkins, 487 U.S. 42, 49–50 (1988)("It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. . . . generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.")(citations omitted).

6

27. As a result of Defendant WALKER's actions, Plaintiff has suffered mental anguish and loss of capacity for the enjoyment of life, and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988, against Defendant WALKER and such other and further relief as this Court deems appropriate.

### COUNT III – INVASION OF A. ATKINS' RIGHT TO PRIVACY

28. Plaintiff A. Atkins realleges paragraphs 1-4 and 7-14.

29. This count is against Defendant AUE STAFFING, INC., which is liable for its employee's acts under a theory of respondeat superior.

30. Defendant WALKER, at all material times, was an employee of Defendant AUE STAFFING, INC., acting within the course and scope of his employment.

31. While in the women's restroom at Oviedo High performing custodial duties, acting within the course and scope of employment, without consent, Defendant WALKER placed a video camera to record women, including Plaintiff.

32. The videotaping occurred within the time and space limits of employment, and was done at least in part, however misguided, by purpose to serve WALKER's employer, Defendant AUE STAFFING, INC.

7

33. In videotaping Plaintiff, Defendant WALKER violated Plaintiff's right to privacy. Agency for Health Care Admin. v. Associated Industries of Florida, Inc., 678 So. 2d 1239, n 20 (Fla. 1996)("[W]rongful conduct that can all be remedied with resort to an invasion of privacy action are: . . . physically or electronically intruding into one's private quarters . . ..").

34. As a result of Defendant WALKER's actions, Plaintiff has suffered mental anguish and loss of capacity for the enjoyment of life, and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest and costs, against Defendant AUE STAFFING, INC. and such other and further relief as this Court deems appropriate.

**COUNT IV – INVASION OF A. MARTIN'S RIGHT TO PRIVACY**

35. Plaintiff A. Martin's realleges paragraphs 1-3, 5, 7-13 and 15.

36. This count is against Defendant AUE STAFFING, INC., which is liable for its employee's acts under a theory of respondeat superior.

37. Defendant WALKER, at all material times, was an employee of Defendant AUE STAFFING, INC., acting within the course and scope of his employment.

8

38. While in the women's restroom at Oviedo High performing custodial duties, acting within the course and scope of employment, without consent, Defendant WALKER placed a video camera to record women, including Plaintiff.

39. The videotaping occurred within the time and space limits of employment, and was done at least in part, however misguided, by purpose to serve WALKER's employer, Defendant AUE STAFFING, INC.

40. In videotaping Plaintiff, Defendant WALKER violated Plaintiff's right to privacy. <u>Agency for Health Care Admin. v. Associated Industries of Florida, Inc.</u>, 678 So. 2d 1239, n 20 (Fla. 1996)("[W]rongful conduct that can all be remedied with resort to an invasion of privacy action are: . . . physically or electronically intruding into one's private quarters . . ..").

41. As a result of Defendant WALKER's actions, Plaintiff has suffered mental anguish and loss of capacity for the enjoyment of life, and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest and costs, against Defendant AUE STAFFING, INC. and such other and further relief as this Court deems appropriate.

## COUNT V – A. ATKINS' CLAIM OF NEGLIGENT HIRING AGAINST DEFENDANT AUE STAFFING, INC.

42. Plaintiff A. Atkins realleges paragraphs 1-4 and 7-14.

43. This Count is against Defendant AUE STAFFING, INC.

44. At all material times, Defendant AUE STAFFING, INC. employed WALKER.

45. Defendant AUE STAFFING, INC. was required to make an appropriate investigation of the employee, WALKER, and failed to do so.

46. An appropriate investigation would have revealed the unsuitability of WALKER for the particular duty to be performed or for employment in general.

47. It was unreasonable for Defendant AUE STAFFING, INC. to hire WALKER in light of the information it knew or should have known.

48. Defendant overlooked or ignored WALKER's record of or propensity for violent acts, including fighting, domestic violence, and battery on a law enforcement officer, as well as drug use, which were public record prior to his date of hire, and which would have been discovered had Defendant conducted an appropriate investigation.

49. After Defendant AUE STAFFING, INC. hired WALKER, while WALKER was in the women's restroom at Oviedo High performing custodial duties within the course and scope of employment, WALKER placed a video camera to record women, including Plaintiff, without their consent.

50. As a direct and proximate result of Defendant's negligent hiring, Plaintiff has suffered mental anguish and loss of capacity for the enjoyment of life, and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest and costs, against Defendant AUE STAFFING, INC. and such other and further relief as this Court deems appropriate.

### COUNT VI – A. MARTIN'S CLAIM OF NEGLIGENT HIRING AGAINST DEFENDANT AUE STAFFING, INC.

51. Plaintiff A. Martin's realleges paragraphs 1-3, 5, 7-13 and 15.

52. This Count is against Defendant AUE STAFFING, INC.

53. At all material times, Defendant AUE STAFFING, INC. employed WALKER.

54. Defendant AUE STAFFING, INC. was required to make an appropriate investigation of the employee, WALKER, and failed to do so.

55. An appropriate investigation would have revealed the unsuitability of WALKER for the particular duty to be performed or for employment in general.

56. It was unreasonable for Defendant AUE STAFFING, INC. to hire WALKER in light of the information it knew or should have known.

57. Defendant overlooked or ignored WALKER's record of or propensity for violent acts, including fighting, domestic violence, and battery on a law

enforcement officer, as well as drug use, which were public record prior to his date of hire, and which would have been discovered had Defendant conducted an appropriate investigation.

58. After Defendant AUE STAFFING, INC. hired WALKER, while WALKER was in the women's restroom at Oviedo High performing custodial duties within the course and scope of employment, WALKER placed a video camera to record women, including Plaintiff, without their consent.

59. As a direct and proximate result of Defendant's negligent hiring, Plaintiff has suffered mental anguish and loss of capacity for the enjoyment of life, and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest and costs, against Defendant AUE STAFFING, INC. and such other and further relief as this Court deems appropriate.

### COUNT VII – A. ATKINS' CLAIM OF NEGLIGENT HIRING AGAINST DEFENDANT SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA

60. Plaintiff A. Atkins realleges paragraphs 1-4, 6, 8 and 9-14.

61. This Count is against Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA.

62. At all material times, Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA employed WALKER.

63. Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA was required to make an appropriate investigation of the employee, WALKER, and failed to do so.

64. An appropriate investigation would have revealed the unsuitability of WALKER for the particular duty to be performed or for employment in general.

65. It was unreasonable for Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA to hire WALKER in light of the information it knew or should have known.

66. Defendant overlooked or ignored WALKER's record of or propensity for violent acts, including fighting, domestic violence, and battery on a law enforcement officer, as well as drug use, which were public record prior to his date of hire, and which would have been discovered had Defendant conducted an appropriate investigation.

67. After Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA hired WALKER, while WALKER was in the women's restroom at Oviedo High performing custodial duties within the course and scope of employment, WALKER placed a video camera to record women, including Plaintiff, without their consent.

68. As a direct and proximate result of Defendant's negligent hiring, Plaintiff has suffered mental anguish and loss of capacity for the enjoyment of life,

and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest and costs, against Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA and such other and further relief as this Court deems appropriate.

## COUNT VIII – A. MARTIN'S CLAIM OF NEGLIGENT HIRING AGAINST DEFENDANT SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA

69. Plaintiff A. Martin's realleges paragraphs 1-3, 5-6, 8 , 9-13 and 15.

70. This Count is against Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA.

71. At all material times, Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA employed WALKER.

72. Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA was required to make an appropriate investigation of the employee, WALKER, and failed to do so.

73. An appropriate investigation would have revealed the unsuitability of WALKER for the particular duty to be performed or for employment in general.

74. It was unreasonable for Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA to hire WALKER in light of the information it knew or should have known.

75. Defendant overlooked or ignored WALKER's record of or propensity for violent acts, including fighting, domestic violence, and battery on a law enforcement officer, as well as drug use, which were public record prior to his date of hire, and which would have been discovered had Defendant conducted an appropriate investigation.

76. After Defendant SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA hired WALKER, while WALKER was in the women's restroom at Oviedo High performing custodial duties within the course and scope of employment, Defendant WALKER placed a video camera to record women, including Plaintiff, without their consent.

77. As a direct and proximate result of Defendant's negligent hiring, Plaintiff has suffered mental anguish and loss of capacity for the enjoyment of life, and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest and costs, against Defendant SCHOOL BOARD OF SEMINOLE

COUNTY, FLORIDA and such other and further relief as this Court deems appropriate.

DATED this 22nd day of June, 2022.

                                  **/s/ Ryan Christopher Rodems**
                                  RYAN CHRISTOPHER RODEMS, ESQUIRE
                                  Florida Bar No.: 0947652
                                  Attorney for Plaintiff
                                  MORGAN & MORGAN, P.A.
                                  20 North Orange Avenue, Suite 1600
                                  Orlando, Florida 32801
                                  Telephone: (407) 236-5995
                                  Facsimile: (407) 245-3486
                                  rrodems@forthepeople.com